JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ROGER HOOKS

**DEFENDANTS**

POLICE OFFICER MARLON B. JONES, CHESTER CITY POLICE DEPARTMENT, POLICE OFFICER TRYNARD, CHESTER CITY POLICE DEPT.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
RICHARD L. STUTMAN, ESQ.
ABRAMSON & DENENBERG, P.C.
1315 WALNUT STREET, SUITE 500, PHILADELPHIA, PA 19107
215-546-1345 EXT. 113

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §§ 1983 and 1988

Brief description of cause:
Excessive force, False arrest, Failure to Intervene, Monell claim, Malicious Prosecution

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE
5/22/2026

SIGNATURE OF ATTORNEY OF RECORD
*Richard L. Stutman*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: ___Chester, PA_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?      Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?      Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?      Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?      Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?      Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☑ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROGER HOOKS<br>517 S. REDFIELD STREET<br>PHILADELPHIA, PA 19143 | CIVIL ACTION |
| PLAINTIFF | JURY TRIAL DEMANDED |
| v. | |
| POLICE OFFICER MARLON B. JONES<br>CHESTER CITY POLICE DEPARTMENT<br>160 EAST 7TH STREET<br>CHESTER, PA 19013 | |
| AND | |
| POLICE OFFICER TRYNARD<br>CHESTER CITY POLICE DEPARTMENT<br>160 EAST 7TH STREET<br>CHESTER, PA 19013 | |
| | NO. |
| AND | |
| POLICE OFFICER GARDNER<br>CHESTER CITY POLICE DEPARTMENT<br>160 EAST 7TH STREET<br>CHESTER, PA 19013 | |
| AND | |
| POLICE OFFICERS JOHN/JANE DOE 1-5<br>CHESTER CITY POLICE DEPARTMENT<br>160 EAST 7TH STREET<br>CHESTER, PA 19013 | |
| AND | |
| CITY OF CHESTER<br>201 WEST FRONT STREET<br>MEDIA, PA 19063 | |
| DEFENDANTS | |

## PLAINTIFF'S COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Roger Hooks, brings the action for damages pursuant to 42 U.S.C. § 1983, the Due Process Clauses of the Fourth Amendment and the Fourteenth Amendments of the United States Constitution, as well as the statutory and common laws of the Commonwealth of Pennsylvania, stemming from the illegal entry and excessive force committed by the Defendant Chester City Police Officers and Defendant County of Delaware on him

### II. JURISDICTION AND VENUE

2. The court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. §§1331 and 1343 and jurisdiction over the State Law Claims pursuant to 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

3. Venue is proper under 28 U.S.C. §1391(b) because the cause of action upon which the Complaint is based arose in Delaware County, Pennsylvania, which is in the Eastern District of Pennsylvania.

### III. PARTIES

4. Plaintiff Roger Hooks is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

5. Defendant Police Officer Marlon B. Jones is an adult citizen and resident of the Commonwealth of Pennsylvania, who at all times was working in

the course and scope of his employment as a Police Officer with the City of Chester Police Department located as captioned. He is sued in his individual and official capacities.

6. Defendant Police Officer Trynard is an adult citizen and resident of the Commonwealth of Pennsylvania, who at all times was working in the course and scope of his employment as a Police Officer with the City of Chester Police Department located as captioned. He is sued in his individual and official capacities.

7. Defendant Police Officer Gardner is an adult citizen and resident of the Commonwealth of Pennsylvania, who at all times was working in the course and scope of his employment as a Police Officer with the City of Chester Police Department located as captioned. He is sued in his individual and official capacities.

8. Defendant, Police Officers John/Jane Doe 1-5, were at all material times Police Officers and/or employed by the City of Chester Police Department, who were working in the cruise scope of their employment as a Police Officer with the City of Chester Police Department, so designated under fictitious names because their identities remain unknown to Plaintiff despite the exercise of reasonable diligence.

9. Defendant County of Delaware is a political subdivision organized and existing under the laws of the Commonwealth of Pennsylvania, which at all times owned, operated, managed, and maintained the City of Chester Police Department and had a constitutional duty to maintain policies,

practices and procedures in order to ensure the safety and wellbeing of all people in its jurisdiction, including but not limited to Plaintiff, Roger Hooks.

10. At all relevant times, Defendant City of Chester and Chester City Police Department acted or failed to act by and through its officers, including the individually named officers, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices, and customs of the Defendant City of Chester and the Chester City Police Department.

## IV.   OPERATIVE FACTS

11. On Saturday, May 25, 2024, at approximately 7:00am Plaintiff Roger Hooks was at his fiancé Kim Hardway home located at 1003 Parker Street in Chester, Pa. with his fiancé' and their children when he noticed his fiancé's ex-husband on their porch breaking a window.

12. Plaintiff confronted his fiancé's ex-husband and told him to stop and Plaintiff went back into his house.

13. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 arrived at the residence. Upon information and belief, the ex-husband called the police.

14. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 kicked in the door and entered Plaintiff's residence.

15. Plaintiff's fiancé, Kim Hardaway, informed the Defendant police officers that Plaintiff was upstairs with the couple's children.

16. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 ordered Plaintiff to come down the stairs with his hands up, then flashed taser beams at him.

17. Plaintiff obeyed the order and dropped the phone that was in his hand so that Defendant Police Officers did not mistake it for a weapon.

18. As Plaintiff complied with the officer's commands and crawled backwards down the stairs, Defendant Police Gardner pulled Plaintiff's left arm back and cuffed the left wrist.

19. Defendant Gardner spun plaintiff's upper torso towards Defendant Trynard who then tased Plaintiff in his chest.

20. Plaintiff fell into the wall and onto the floor before landing on his left side.

21. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 cuffed Plaintiff's right hand and then told him to get up, but Plaintiff could not answer or get up from the floor on his own.

22. Police Officers Trynard then repeatedly tased Plaintiff in the chest for approximately ten (10) seconds straight.

23. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 then pulled Plaintiff off the floor and told him to walk, however Plaintiff was unable to walk on his own, or talk after being tased twice.

24. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 grabbed Plaintiff's face and said, "Here's some juice for your fucking ass", before tasing Plaintiff in the chest for the third time.

25. Defendant Police Officers had to assist Plaintiff in walking out of the home and towards the police car.

26. Defendant Police Officers Trynard then snatched the taser prongs from out of the Plaintiff's chest.

27. Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 charged Plaintiff with burglary, he was then taken to jail where he was kept for eleven (11) days.

28. Plaintiff's charges were later dismissed.

29. The actions of Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 were overly excessive and an unreasonable use of force against the Plaintiff and violated accepted and standard police practices.

30. As a direct and proximate result of the Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5 illegal conduct as described above, Plaintiff has suffered and continues to suffer from the following physical injuries:

      a. **Cervicalgia;**

      b. **Radiculopathy, cervical region;**

      c. **Radiculopathy, lumbar region;**

      d. **Headache;**

e.  Cervicobrachial syndrome;

f.  Strain of muscle, fascia and tendon at neck level;

g.  Strain of back wall of thorax, lower back;

h.  Pain in left shoulder and left knee;

i.  Segmental and somatic dysfunction of lower extremity and upper extremity;

j.  Muscle spasm of back with Myositis;

k.  Mild carpal tunnel syndrome left and a left C5 radiculopathy;

l.  Contusion of left knee with sprain of unspecified site of left knee;

m. Sprain of cervical ligaments and lumbar ligaments;

n.  Disc protrusion eccentric to left at C4-C5, C6-C7 and to a lesser degree at C3-C4 and C5-C6;

o.  Left paramedian disc herniation at L5-S1;

p.  Disc herniation eccentric to left at L4-L5 compromising the left neural foramen with some cranial subligamentous extension;

q.  Infraspinatus tendonopathy with interstitial tearing distally;

r.  Supraspinatus tendonopathy;

s.  Cervical IVD with radiculopathy, unspecified (C3-C6);

  **t. Radiculopathy, lumbar region;**

  **u. Cervical disc displacement with radiculopathy, cervicothoracic region;**

  **v. Lumbar IVD herniation with radiculopathy (L4); and**

  **w. Bicipital tendinitis, left shoulder.**

31. As a direct and proximate result of the Defendants' illegal conduct as described above, Plaintiff has incurred various medical expenses including but not limited to:

| | |
|---|---|
| Chester Crozer Hospital<br>Emergency Room Department<br>5/25/24 | $650.00 |
| Hospital of the University of Pennsylvania<br>Emergency Room Department<br>6/13/24 | $4,145.00 |
| Penn Presbyterian Medical Center<br>Neurosurgeon<br>7/11/24 | $1,825.00 |
| PA Pain and Rehab<br>11/22/24-5/7/25 | $14,685.00 |
| Dr. Denny John<br>EMG<br>1/16/25 | $ |
| Freedom Medical Supply<br>2/17/25 | $ |
| Open MRI of Bala Cynwyd<br>MRI of Lumbar Spine, Left Knee, Cervical Spine & Left Shoulder<br>3/11/25 & 4/28/25 | $8,200.00<br>+_____ |

     PARTIAL TOTAL $24,710.00

32.    As a further direct and proximate result of the above, Plaintiff has and may in the future, be hindered and prevented from attending to his usual and daily duties activities, and occupations, and has and may in the future experience grievous pain and mental anguish, to his damage and loss.

33.    As a further direct and proximate result of the above, Plaintiff has or may have suffered a loss of earnings and/or earnings potential.

34.    As a direct and proximate result of the acts and failures to act of Police Officers Jones, Trynard, Gardner, and/or Police Officers John/Jane Doe 1-5, Plaintiff has incurred various other expenses, which may continue for an indefinite period into the future, to his great detriment and loss.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE AND ILLEGAL ENTRY**
**ROGER HOOKS V. OFFICER JONES, OFFICER TRYNARD, AND OFFICER GARDNER**
**AND/OR POLICE OFFICER JOHN/JANE DOE 1-5**

35.    All preceding paragraphs of this Complaint are fully incorporated herein by reference.

36.    The above-described actions of Defendant Officers Jones, Trynard, and Gardner and/or Police Officer John/Jane Doe 1-5 including but not limited to deploying a taser at Plaintiff's chest, constituted an unnecessary and excessive use of force to carry out Defendants' law enforcement duties under the circumstances.

37.    Plaintiff was behaving peaceably and reasonably under the circumstances, and not in any way that would have given Defendant Officers Jones, Trynard

and Gardner and/or Police Officer John/Jane Doe 1-5 reasonable suspicion that he was armed and dangerous.

38.     The above-described acts and failures to act of Defendant Officers Jones, Trynard, and Gardner and/or Police Officer John/Jane Doe 1-5 violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983

39.     The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Roger Hooks demands compensatory and punitive damages against Defendants Police Officer Jones, Police Officer Trynard, Police Officer Gardner, and/or Police Officer John/Jane Doe 1-5, jointly and/or severally, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

### COUNT II – 42 U.S.C. § 1983
### FOURTH AND FOURTEENTH AMENDMENTS—FALSE ARREST
### ROGER HOOKS V. OFFICER JONES, OFFICER TRYNARD, AND OFFICER GARDNER AND/OR POLICE OFFICER JOHN/JANE DOE 1-5

40.     All preceding paragraphs of this Complaint are fully incorporated herein by reference.

41.     Defendants lacked probable cause, a warrant, or a warrant exception to seize Plaintiff's person.

42. Defendants Police Officers Jones, Trynard, and/or Gardner and/or Police Officers John/Jane Doe 1-5 nevertheless put Plaintiff in handcuffs, placed him in the back of their police vehicle, kept Plaintiff in handcuffs and removed Plaintiff to another location.

43. Defendants lacked probable cause to detain, seize, or arrest Plaintiff after they entered his residence.

44. Defendants nevertheless detained, seized, and arrested Plaintiff.

45. The above-described acts and failures to act of Defendants violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and Commonwealth of Pennsylvania and were in violation of 42 U.S.C. § 1983.

46. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Roger Hooks demands compensatory and punitive damages against Defendants Police Officer Jones, Police Officer Trynard, Police Officer Gardner, and/or Police Officers John/Jane Doe 1-5, jointly and/or severally, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

## COUNT III – 42 U.S.C. § 1983
### FAILURE TO INTERVENE/BYSTANDER LIABILITY
### ROGER HOOKS V. OFFICER JONES, OFFICER TRYNARD, AND OFFICER GARDNER AND/OR POLICE OFFICER JOHN/JANE DOE 1-5

47. All preceding paragraphs of this Complaint are fully incorporated herein by reference.

48. Defendants Police Officers Gardner, Jones, Trynard and/or Police Officers John/Jane Doe 1-5 had a constitutional and/or statutory duty to intervene when excessive force was used against Plaintiff.

49. Each of Defendants Police Officers Gardner, Jones, and Trynard and/or Police Officers John/Jane Doe 1-5 were present when the other was violating Plaintiff's rights, knew that Plaintiff's rights were being violated, and had a reasonable opportunity to intervene before the other used excessive force against Plaintiff.

50. Defendants Police Officers Gardner, Jones, and Trynard, and/or Police Officers John/Jane Doe 1-5 despite their knowledge and opportunity to intervene, failed to do so, resulting in Plaintiff sustaining injury and harm.

51. The above-described malicious, intentional, and reckless acts of Defendants caused and continue to cause Plaintiff severe emotional distress, anxiety, and fear.

52. The above-described acts and failures to act were so malicious, intentional, reckless, and/or recklessly indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Roger Hooks demands compensatory and punitive damages against Defendants Officer Gardner, Officer Jones, and Officer Trynard and/or Police Officers John/Jane Doe 1-5,  jointly and/or severally, to fairly and adequately compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

## COUNT IV - 42 U.S.C. § 1983
### CONSPIRACY
### ROGER HOOKS V. OFFICER JONES, OFFICER TRYNARD, AND OFFICER GARDNER AND/OR POLICE OFFICER JOHN/JANE DOE 1-5

53.     All preceding paragraphs of this Complaint are fully incorporated herein by reference.

54.     As demonstrated by their concerted conduct, Defendants entered into an agreement or reached a meeting of the minds to use unnecessary excessive force on the Plaintiff.

55.     The above-described actions were so malicious and intentional and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Police Officers Gardner, Trynard, and Jones, and/or Police Officers John/Jane Doe 1-5 jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT V – 42 U.S.C. § 1983
### MONELL CLAIM
### ROGER HOOKS V. CITY OF CHESTER

56.     All preceding paragraphs are incorporated by reference as if fully set forth herein.

57.     Defendant City of Chester is the final policymaker for the City of Chester Police Department.

58. Plaintiff believes and therefore avers that Defendant City of Chester has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Defendants and Police Officers John/Jane Doe 1-5, regarding constitutional restraints on the use of force, specifically taser deployment, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. § 1983.

59. Plaintiff believes and therefore avers that Defendant City of Chester has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing for law enforcement officers, including the individually named Defendants, and/or Police Officers John/Jane Doe 1-5 regarding constitutional constraints on the use of force, specifically deploying a taser at a person displaying no resistance to arrest, risking serious bodily injuries and permanent disfigurement.

60. Plaintiff believes and therefore avers that Defendant City of Chester has systematically failed to discipline law enforcement officers, including the individually named Defendants, and/or Police Officers John/Jane Doe 1-5 for using unconstitutional force by deploying tasers without the presence of resistance and failing to correct subordinate officers on using unconstitutional force in said manner.

61. The failure of Defendant City of Chester to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the use of force and taser deployment,

specifically when to deploy a taser was deliberately indifferent to the constitutional rights of its citizens and was the proximate cause of Plaintiff's injuries.

62.	The need for Defendant City of Chester to train, supervise, and/or discipline its law enforcement officers and/or to adopt or enforce a policy, practice, or custom of respecting constitutional limits in the deployment of tasers is obvious.

63.	Said training and policy, custom, and/or practice, or lack thereof, violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of the Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

64.	Plaintiff believes and therefore avers that Defendant City of Chester was aware of the aforementioned lack of training, policies, practices, and/or customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants and/or Police Officers John/Jane Doe 1-5, failed to effectively train law enforcement officers with regard to the legal limits on their authority to use force, and in deploying tasers without the presence of resistance, and instead sanctioned, acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff, with regard to the constitutional limits on tasing.

65.	Plaintiff believes and therefore avers that Defendant City of Chester knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training and discipline of law enforcement officials of

the Chester City Police Department, including the individually named

Defendants and/or Police Officers John/Jane Doe 1-5, and deliberately,

intentionally, and knowingly failed to take steps to terminate or limit said

policies, practices, and customs, including but not limited to:

a.  Failure to provide adequate training, supervision, and discipline to officers regarding deployment of tasers;

b.  Failure to provide adequate training, supervision, and discipline to officers regarding proper tasing protocol regarding citizens while detaining them;

c.  Failure to provide adequate training and discipline to officers regarding the appropriate number of times to tase a person while detaining them;

d.  Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons who are being tased;

e.  Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations regarding taser deployment of law enforcement officers;

f.  Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the City of Chester Police Department;

g.  Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the City of

Chester Police Department where Defendant knew or should have known of the dangerous propensities of said members of its Police Department and the systemic problem of police abuses in the department;

h.  Failure to restrain the use of excessive force by way of improper deployment of tasers by members of its law enforcement agency;

i.  Failure to properly test, train, and/or select its officers with regards to proper use of force with regards to the proper deployment of tasers so as not to inflict unnecessary pain and injury; and

j.  Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with her constitutional rights.

66.  The deliberate indifference of the aforementioned training and/or customs, or lack thereof, was a proximate cause of Plaintiff's injuries and losses and the violation of his constitutional rights.

67.  By failing to take action to stop or limit and/or by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy Defendant City of Chester condoned, acquiesced in, participated in, and perpetrated the custom in violation of the plaintiff's rights under the Fourth Amendment of the Constitution of the United States, the Laws of the United States and of the Commonwealth of Pennsylvania and in violation of 42 U.S.C. § 1983.

68. The plaintiff believes and therefore avers, that the Defendant, City of Chester has for many years maintained an inadequate system of review of claims of improper taser deployment, which system has failed to identify instances of the use of said behavior to discipline, more closely supervise or retrain officers who, in fact, improperly used force via taser deployment.

69. Upon information and belief, the systematic deficiencies include, but are not limited to:

   a. The preparation of investigative reports assigned to vindicate the use of force via improper taser deployment regardless of whether such actions were justified;

   b. The preparation of investigative reports which rely solely on the word of City of Chester Police Officers involved in the incidents and which systematically fail to credit the testimony and statements of non-officer witnesses;

   c. The preparation of investigative reports which omit factual information and physical evidence that contradicts the accounts of the officers involved; and

   d. Failing to review investigative reports by responsible superior officers for accuracy or completeness and accepting the conclusions which were unwarranted by the evidence or contradicted by such evidence

70. The foregoing acts, omissions, and systematic deficiencies are policies, practices and customs of Defendant, City of Chester, and as such caused the individual defendants to be unaware of the rules and laws governing the constitutional limits on the proper deployment of tasers.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Roger Hooks demands compensatory damages against Defendant City of Chester to fairly and adequately compensate Plaintiff, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

## COUNT VI – 42 U.S.C. § 1983
### FOURTH AMENDMENT - MALICIOUS PROSECUTION
### ROGER HOOKS V. OFFICER JONES, OFFICER TRYNARD, AND OFFICER GARDNER AND/OR POLICE OFFICER JOHN/JANE DOE 1-5

71.  All preceding paragraphs of this Complaint are fully incorporated herein by reference.

72.  Defendant Officers Jones, Trynard, and/or Gardner and/or Police Officers John/Jane Doe 1-5 intentionally, maliciously, and without probable cause, caused the Plaintiff to be subject to criminal proceedings.

73.  Plaintiff's criminal charges were all withdrawn.

74.  Defendants Officers Jones, Trynard, and/or Gardner and/or Police Officers John/Jane Doe 1-5 had facts and circumstances available to them that would not warrant a prudent person to believe that probable cause existed for Plaintiff's arrest warrant.

75.  As a direct and proximate result of the malicious and intentional actions of Defendants Officers Jones, Trynard, and/or Gardner, and/or Police Officers John/Jane Doe 1-5 Plaintiff suffered a deprivation of liberty and damages which are described above.

76.  The above-described actions were so malicious and intentional and display such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff Roger Hooks demands compensatory and punitive damages against Defendants Officer Gardner, Officer Trynard, and Officer Jones and/or Police Officers John/Jane Doe 1-5, to fairly and adequately

compensate Plaintiff and punish and deter such conduct on the part of Defendants and others similarly situated, in addition to interest, costs, attorney's fees, delay damages, and all other appropriate relief.

Abramson & Denenberg, P.C.

/s/ *Renae Axelrod*

RENAE B. AXELROD, ESQUIRE

/s/ *Richard Stutman*

RICHARD L. STUTMAN, ESQUIRE

.

.